

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00315-CV

Michelle **ROWLAND**,
Appellant

v.

**SWAYING OAKS APARTMENTS**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2022CV02142
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: August 9, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant attempts to appeal the trial court's judgment awarding possession of real property to Swaying Oaks Apartments. The trial court signed the judgment on March 2, 2023.

The only issue in a forcible detainer action is the right to actual possession of the property. TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to file a supersedeas bond in the

amount set by the county court, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless the defendant: (1) timely and clearly expressed his or her intent to appeal; and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *Marshall*, 198 S.W.3d at 787.

A review of the clerk's record indicates appellant did not file a supersedeas bond. The clerk's record also shows a writ of possession was issued by the county clerk and the writ was executed on May 4, 2023. Therefore, on June 13, 2023, we ordered appellant to file a written response on or before June 28, 2023, explaining why this appeal should not be dismissed for lack of jurisdiction. To date, appellant has not responded to our order. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c).

PER CURIAM